Tatevik KARAPETYAN, aka Tatevik Karapetian, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71259.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Sept. 14, 2006.

Artem M. Sarian, Esq., Glendale, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Anthony T. Sheehan, Esq., DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Tatevik Karapetyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Mgoian v. INS*, 184 F.3d 1029, 1034 (9th Cir.1999),

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and we grant in part and deny in part the petition for review, and remand for further proceedings.

The IJ found that Karapetyan's testimony was not credible. On appeal, the BIA assumed Karapetyan's testimony to be true and denied relief solely on the merits. Karapetyan testified that because she inquired about the circumstances of her father's death and because she was suspected of sympathizing with her father's political views, she was discharged from her university, and followed, detained and interrogated by law enforcement personnel. Karapetyan also testified that law enforcement personnel threatened to harm her and her family if she did not leave Armenia and that her brother is still asked about her whereabouts. While the record evidence may not compel the conclusion that Karapetyan suffered past persecution, *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (holding the record did not compel a finding of past persecution where applicant suffered repeated harassment, pushing, and discrimination), the threats create at least a ten percent chance that Karapetyan would be severely harmed if law enforcement personnel discovered she had returned to Armenia, *Lim v. INS*, 224 F.3d 929, 934–36 (9th Cir.2000) (explaining that past threats, although insufficient under the circumstances to establish past persecution, are relevant to a well-founded fear of future persecution).

With regard to withholding of removal, the record compels the conclusion that Karapetyan showed a "clear probability" that she will be persecuted upon returning to Armenia. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (requiring a court to uphold an agency decision unless the record compels a contrary result).

Karapetyan failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured if returned to Armenia. *See* 8 C.F.R. § 208.16(c)(2).

Accordingly, we remand to the BIA to consider the IJ's adverse credibility finding. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Cordon–Garcia v. INS*, 204 F.3d 985, 993 (9th Cir.2000).

Karapetyan's request for oral argument is denied.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**